IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| TOMMIE KYLE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 22-cv-2371-SHM-tmp |
| | ) |
| C. JACKSON-WEBB, et al. | ) |
| | ) |
|     Defendants. | ) |

_____

### REPORT AND RECOMMENDATION
_____

*Pro se* plaintiff Tommie Kyle filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983 against C. Jackson-Webb, Michael Douglass, the Shelby County Criminal Justice Department, and the Memphis Police Department Felony Response, on June 13, 2022.[1] (ECF No. 1.) On June 15, 2022, the court entered an order directing Kyle to file a properly completed *in forma pauperis* affidavit or pay the civil filing fee. (ECF No. 3.) Kyle filed a *pro se* motion for leave to proceed *in forma pauperis* on June 28, 2022, which the undersigned granted the same day. (ECF No. 4-5.) In the same order, the undersigned noted that "the complaint filed in this case contains no facts, but instead states,

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

'see memorandum in support.'" (ECF No. 5.) However, no such memorandum was attached to the complaint. As a result, the undersigned directed Kyle to file this "memorandum" with the court or to supplement his complaint with facts within fourteen days. (Id.) As of July 14, 2022, Kyle has not done so.

Because Kyle is proceeding *in forma pauperis*, this court is required to screen the complaint or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

The only statement in Kyle's complaint that describes his claim is: "5th Amendment violation of Due Process, Wrongful Arrest." These are legal conclusions, which are not entitled to the assumption of truth without supporting factual allegations. Iqbal, 556 U.S. at 679. As the complaint contains no facts and simply refers to a memorandum that is not before the court, the undersigned recommends that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

July 14, 2022
Date

NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**